IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 DEC 11 P 4: 05

CLERK _____
SO. DIST. OF GA.

KIM-MARIE JOHNSON,                  *
                                    *
        Plaintiff,                  *
                                    *
             v.                     *          CV 120-037
                                    *
BANKERS LIFE & CASUALTY             *
COMPANY; K.F. AGENCY, INC.;         *
JOSEPH EDWARDS; CAMERON             *
MCDUFFY-SMITH; and TOM              *
DENNANY,                            *
                                    *
        Defendants.                 *

———————

**O R D E R**

———————

Before the Court is Defendants Bankers Life & Casualty
Company, K.F. Agency, Inc., Joseph Edwards, Cameron Smith
(misnamed in Complaint as Cameron McDuffy-Smith), and Tom
Dennany's ("Defendants") motion to transfer, or in the
alternative, motion to dismiss, Plaintiff's "Petition to Vacate
Award of Arbitrator Award and or order a rehearing with a different
Arbitrator or adjust the Award of Arbitrator dated January 17,
2020" (the "Petition"). (Doc. 5.) For the following reasons,
Defendants' motion is **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed her Petition on March 23, 2020, moving the Court to vacate the arbitration award, and/or order a rehearing with a different arbitrator, and/or adjust the award of the arbitrator in American Arbitration Association case number #01-18-0004-6021. (Compl., Doc. 1.)   Plaintiff originally filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on April 12, 2018 for discrimination based on race, sex, and retaliation. (Id. ¶ 1.)   The EEOC issued a right to sue letter and Plaintiff then filed a demand for arbitration with her complaint seeking damages and other relief and "the process began" on December 26, 2018. (Id. ¶¶ 2-4).   The arbitration took place on November 14, 2019 at the office of Littler Mendelson in Atlanta, Georgia in front of Arbitrator Penn Payne ("Payne"). (Tr., Doc. 5-2, at 2-3.)   Payne issued the Award of Arbitrator ("Award") on January 17, 2020, finding in favor of the Defendants on all claims brought by Plaintiff and denying any claims not expressly granted therein. (Doc. 1-8, at 9.)   Plaintiff then filed her Petition, claiming the Award was obtained by fraud and corruption and that Payne's decision was based on undue means. (Compl., at 2-3.)   Plaintiff filed the Petition in this Court because both "Plaintiff and the defendants lived and worked in the Augusta Southern District of Georgia and the offenses took place

in jurisdiction of the Southern District." (Pl.'s Resp., Doc. 6, at 3.)

In their present motion, Defendants move to transfer venue, or in the alternative, to dismiss Plaintiff's Petition. Defendants first claim that venue is proper in the district within which the arbitration hearing was held, requesting that the case be immediately transferred to the Northern District of Georgia. (Doc. 5-1, at 1-2.) In the alternative, if the Court is to find venue proper in the Southern District, Defendants move to have the Petition dismissed for Plaintiff's failure to comply with the statutory notice requirements of 9 U.S.C. § 12. (Id. at 2.) Plaintiff filed a response to this motion on April 29, 2020, claiming venue is proper in this Court and that notice was in fact served during the requisite time. (Doc. 6.) Defendants then filed a reply in support of their motion on May 8, 2020, standing by their contentions and requesting the Court to either transfer, or in the alternative, dismiss the Petition. (Doc. 8.) Therefore, Defendants' motion has been fully briefed and is ripe for the Court's review.

## II. PROCEDURAL POSTURE

The Court first notes that Plaintiff is proceeding *pro se*. The Court affords a liberal construction to documents filed by a *pro se* party, and a *pro se* complaint must be held to less stringent

standards than formal pleadings drafted by lawyers. <u>Erickson v.</u> <u>Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

The Eleventh Circuit has held that the Federal Rules of Civil Procedure, together with the Federal Arbitration Act ("FAA"), do not permit a party to contest an arbitration award by filing a complaint or an application to vacate an arbitration award, but instead require that "a request to vacate an arbitration award must 'be made in the form of a motion' as provided in Rule 7(b), Federal Rules of Civil Procedure." <u>Belz v. Morgan Stanley Smith</u> <u>Barney, LLC</u>, No. 3:13-cv-636, 2014 WL 897048, at *2 (M.D. Fla. Mar. 6, 2014) (citations omitted).

In this case, Plaintiff filed a document titled "Petition to Vacate Award of Arbitrator Award and or order a rehearing with a different Arbitrator or adjust the Award of Arbitrator dated January 17, 2020." (Doc. 1.) The Court, construing *pro se* filings liberally, will analyze Plaintiff's Petition as a motion to vacate, properly filed under Rule 7(b)(1).[1] "[T]he Eleventh Circuit has instructed that the proper procedure for the party seeking to vacate an arbitration award is to file a motion to vacate in which, as the moving party, she would bear the burden to set forth

---

[1] Rule 7(b)(1) provides: "A request for a court order must be made my motion.   The motion must: (A) be in writing . . . ;  (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."  FED. R. CIV. P. 7(b)(1).

sufficient grounds to vacate the arbitration award in her moving papers." Belz, 2014 WL 897048, at *2. (internal quotations and citations omitted).[2]   Therefore, Plaintiff has the burden of providing sufficient grounds to vacate the Award in her filed Petition.

In response to Plaintiff's Petition, which the Court construes as a motion to vacate, Defendants filed a motion to transfer, or in the alternative, a motion to dismiss. Other courts have held that a motion to dismiss filed in this fashion is properly construed as an opposition to, or reason to deny, the motion to vacate.   See id. at *3 (holding motion to dismiss application more properly included as response and framed as a reason to deny, rather than dismiss the application, and citing cases with similar holdings).   Following that notion, this Court will construe Defendants' motion to dismiss as a response in opposition to Plaintiff's motion to vacate.[3]  Having addressed the

---

[2] The Eleventh Circuit has held:

> [T]he purpose of the [FAA] was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation. The policy of expedited judicial action . . . would not be served by permitting parties who have lost in the arbitration process to file a new suit in federal court.   The proper procedure . . . is for the party seeking to vacate an arbitration award to file a Motion to Vacate in the district court.

O.R. Secs., Inc. v. Pro. Plan. Assocs., Inc., 857 F.2d 742, 745-46 (11th Cir. 1988) (internal citations and quotations omitted).
[3] "The liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature

procedural aspect of the case, the Court will now analyze Defendants' motion to transfer, and in the alternative, their opposition to Plaintiff's motion to vacate.

### III. LEGAL STANDARDS AND DISCUSSION

### A. Motion to Transfer

Under the FAA, Section 10(a) provides for vacation and states, "[T]he United States court in and for the district wherein the award was made *may make* an order vacating the award upon the application of any party to the arbitration . . . ." 9 U.S.C. § 10(a) (emphasis added). Section 11 provides for modification or correction and states, "[T]he United States court in and for the district wherein the award was made *may make* an order modifying or correcting the award upon the application of any party to the arbitration . . . ." Id. § 11 (emphasis added). Pursuant to this language, the United States Supreme Court has held these FAA venue provisions make it permissive, not mandatory, to bring a motion to vacate, modify, or correct in the district where arbitration took place. See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193 (2000) (holding the permissive view of the venue language of the FAA is the prevailing interpretation). Therefore, the statute "permit[s] such a motion [to be filed] either where

---

of a motion." O.R. Secs., Inc., 897 F.2d at 746 (quoting Sacks v.Reynolds Secs., Inc., 593 F.2d 1234, 1239 (D.C. Cir. 1978)).

the award was made *or* in any district proper under the general venue statute." Id. at 195 (emphasis added).

Defendants' motion to transfer seeks to have Plaintiff's Petition transferred from this Court to the Northern District of Georgia, where the arbitration indisputably took place. While the FAA does permit a motion to vacate to be filed in the district where the arbitration took place, it does not make such venue mandatory. Instead, the Northern District of Georgia is simply a permissive venue that Plaintiff did not choose here.[4]

The pertinent analysis for this Court then is to determine whether venue is proper in this Court. The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[4] Plaintiff contends venue is improper in Atlanta because the arbitration only took place there due to "convenience" and could have been held in Augusta. (Pl.'s Resp., at 2-3.) This fact is irrelevant; Atlanta is still a proper venue because the arbitration did in fact take place there, regardless of the reasoning. See Cortez, 529 U.S. at 201 (explaining one of the reasons the FAA venue language is permissive, not mandatory, is because "the location of the arbitration may well be the residence of one of the parties, or have some other connection to a contract at issue, [but] in many cases the site will have no relation whatsoever to the parties or the dispute").

28 U.S.C. § 1391(b).

Section 1391(b)(1) is inapplicable because Defendant Smith is a resident of Virginia. (Doc. 5-5, ¶ 4.) While Plaintiff contends that "[Smith] now living in Virginia has no bearing to the organization of the case" (Pl.'s Resp., ¶ E.), the Court finds that Smith's out-of-state residency prohibits venue from being proper under Subsection (1). Nevertheless, Section 1391(b)(2) provides venue is proper in this district because the events giving rise to the arbitration took place in Augusta, Georgia. Although Defendants contend venue is improper here because the actual arbitration proceeding is what is at issue in the motion and that proceeding took place in Atlanta, Georgia, the Court is not persuaded by this argument. For purposes of the venue statute, the "events or omissions giving rise to the claim" refers to the events leading up to and causing the arbitration to take place, not the event of the arbitration itself. This is in line with the Supreme Court's decision in <u>Cortez</u>, which held a motion to vacate was properly brought in Mississippi pursuant to the general venue statute because that is where the contract at issue had been performed, even though the challenged arbitration had taken place in Birmingham, Alabama. <u>See</u> <u>Cortez</u>, 529 U.S. at 198, 204 (holding if FAA venue language is permissive and supplemental, as it is, then the motion to vacate was properly filed in Mississippi); <u>see also</u> <u>Trehel Corp. v. W.S. Agee Grading Contractor, Inc.</u>, No. 1-

8

12-cv-0054, 2012 WL 1080586, at *3 n.2 (N.D. Ga. Mar. 30, 2012) (finding venue was proper in the district because a substantial part of the events or omissions giving rise to the underlying contract claim occurred within the district). Because venue is proper under Subsection (2), Subsection (3) is not implicated.

Based on the foregoing, the Court finds venue for the Petition is proper in this district and therefore **DENIES** Defendants' motion to transfer.

## B. Defendants' Opposition to Plaintiff's Petition for Failure to Comply with Statutory Notice Requirements

Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The party moving to vacate the award bears the burden of proving she accomplished valid service. Belz, 2014 WL 897048, at *6 (citations omitted). "It has been held that 'merely filing [the motion to vacate as opposed to serving the motion] within that time period is insufficient to stop the running of the three-month limitations period.'" O'Neal Constructors, LLC v. DRT Am., LLC, 440 F. Supp. 3d 1396, 1400 (N.D. Ga. 2020) (citing Belz, 2014 WL 897048, at *4) (alteration in original). Further, "[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." Piccolo v. Dain, Kalman

9

& Quail, Inc., 641 F.2d 598, 600 (8th Cir. 1981) (applying the rule stated to two *pro se* plaintiffs who served the defendant three months and twenty-one days after the arbitration award was delivered) (citations omitted).

Here, the Award was issued on January 17, 2020. Therefore, notice of a motion to challenge the Award was required to be served upon the adverse parties by April 17, 2020. See 9 U.S.C. § 12. Plaintiff filed her Petition on March 23, 2020. Although it was timely filed, service was not perfected until May 4, 2020 for Cameron Smith, Tom Dennany, and Joseph Edwards or until May 5, 2020 for K.F. Agency, Inc. and Banker's Life and Casualty Company, all outside of the three-month deadline. (See Doc. 13.)

In response, Plaintiff argues that she was on time with her Petition because: (1) she filed with the court system before April 17, 2020; (2) "under the United States Marshall's (sic) delivery service, [Defendants' attorneys'] office was scheduled to be served in a timely manner;" (3) she provided sufficient information to the United States Marshal ("Marshal") to identify and locate Defendants; and (4) she claims Defendants should consider themselves served because they were able to file their dismissal. (Pl.'s Resp., at 1.) She further argues that COVID-19 has changed the nation and that "any extension [she] would need to proceed would be granted and the continuation of delivery by the United

States Marshall (sic) will continue."[5]   (Id.)   Additionally, Plaintiff states she was not required "to forward any further documents or to take any further action," presumably meaning she believes she did everything necessary by simply filing the case. (Id. at 2.)   And finally, she contends that "[t]he court documents were delivered to the office of Littler Mendelson in Indianapolis, IN to the defendants Attorneys" and that "[t]he defendants attorneys have been notified and [she] 'did not' have to notify anyone individually because they have counsel," but Plaintiff provides no basis or support for these statements.   (Id.)

Contrary to Plaintiff's assertions, the Court finds she did not comply with the statutory requirements of 9 U.S.C. § 12 and serve Defendants with notice within the requisite three-month period.   For proper service, resident defendants require service in compliance with the law of the district where arbitration took place and nonresident defendants require service by the marshal in any district defendant may be found.[6]   Plaintiff does not list the

---

[5] The Court notes that Plaintiff did not file for an extension or continuation in this case.

[6] The FAA provides:

> If the adverse party is a *resident* of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.   If the adverse party shall be a *nonresident* then the notice of the application shall be served by the marshal of any district within which the adverse

residency of any Defendant in her Petition or her Response to Defendants' motion beyond stating generally, for venue purposes, that "defendants lived and worked in the Augusta Southern District of Georgia."[7] (Pl.'s Resp., at 3.)   Her only relevant responses to Defendants' opposition are listed above – that the lawyer's office was served, she gave information to the Marshal, the attorneys were notified, and there was nothing else she was required to do.   The Court cannot speculate as to Defendants' residency for purposes of complying with the service requirements of the FAA.   But it will note that the Marshal's Return of Service (Doc. 13) contained the Postal Service receipts confirming that Defendants were not served until May of this year.

Plaintiff contends that filing the Petition with the Court satisfies the notice requirement, and that the Marshal had 90 days to complete actual service from the date of filing.   Plaintiff, however, is referencing the Federal Rules of Civil Procedure as opposed to the FAA guidelines.[8] (Pl.'s Resp., ¶ B.)   But "applying the ninety-day service provisions of Rule 4 would violate the

---

party may be found in like manner as other process of
the court.

9 U.S.C. § 12 (emphasis added).
[7] Plaintiff does note that she gave the Marshal sufficient information to identify and locate Defendants to effect service, but without providing the Court with their residency, the Court is unable to analyze the proper form of service required pursuant to 9 U.S.C. § 12.
[8] Rule 4(m) of the Federal Rules of Civil Procedure allows 90 days from the filing of a complaint to serve all defendants before the court can dismiss without prejudice.

general purpose of the FAA, i.e., to make arbitration procedure as speedy as possible and not subject to delay and obstruction in the courts." O'Neal, 440 F. Supp. 3d at 1405 (citations omitted); see also Health Servs. Mgmt. Corp. v. Hughes, 975 F.2d 1253, 1258 (7th Cir. 1992) ("It would defeat the purpose of arbitration if a reviewing court was obligated to give all the due process owed to parties filing actions of a civil nature and deserving of Federal Rule 16 treatment, e.g., a scheduling conference, hearing, etc."); Technologists, Inc. v. MIR's Ltd., 725 F. Supp. 2d 120, 127 (D.D.C. 2010) ("Section 6 [of the FAA] merely ensures that motions to vacate or confirm arbitral awards are not subject to the pleading requirements of the Federal Rules of Civil Procedure and enables judges to decide arbitration issues on an expedited basis."). Based on this distinction between Rule 4 and the FAA, the Marshal did not have 90 days to perfect service in this case, because the three-month deadline takes precedence.

The Court notes that while it is under a duty to construe *pro se* filings liberally, litigants must still "comply with procedural rules, including applicable filing deadlines." Brandau v. Warden, FCC Coleman-Medium, 476 F. App'x 367, 369 (11th Cir. 2012) (citing Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011)). Therefore, Plaintiff is not afforded a "pass" for missing the three-month service requirement. No additional or precautionary steps were taken to ensure Defendants received notice of this Petition before

the April 17, 2020 deadline; indeed, Plaintiff believes she was not required "to take any further action" after filing.  In short, "merely filing [the motion to vacate as opposed to serving the motion] within that time period is insufficient to stop the running of the three-month limitations period." See O'Neal, 440 F. Supp. 3d at 1400 (citations omitted) (alterations in original).

As explained above, a party who fails to comply with the statutory requirement of providing notice to defendants within three months of an arbitration award loses the ability to seek judicial review of the award.  See Piccolo, 641 F.2d at 600 (holding the failure to serve within three months of the award deprived the court of power to review the award) (citations omitted).  The Court therefore finds that because Plaintiff failed to serve Defendants with notice of her motion to vacate within the requisite three-month period, she forfeited her right to judicial review of the Award.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer (Doc. 5) is **DENIED**.  Further, the Court finds the grounds asserted in Defendants' Motion to Dismiss, which has been construed as an opposition to Plaintiff's motion, are meritorious.  Accordingly, Plaintiff's motion to vacate the Arbitration Award (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to

**TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this ___11th___ day of December, 2020.

                                    _____
                                    J. RANDAL HALL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA